UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 07-CR-136-ML |
| | ) | |
| CHARLIE VU | ) | |

**DEFENDANT'S MOTION FOR SUPPRESSION OF EVIDENCE**

Charlie Vu ("the Defendant"), in the above-numbered Indictment and through Counsel, moves this Honorable Court to suppress certain potentially incriminating evidence – whether tangible or intangible and whether direct or derivative -- taken from him on the date of May 11, 2007, and on diverse dates thereafter, by various law enforcement agents, including Rhode Island State Troopers and Immigrations and Customs Enforcement ("ICE") Agents. More particularly, he assigns as follows.

On May 11, 2007, the Defendant was operating his vehicle – a 1995 Pathfinder – in the State of Rhode Island. One or more Rhode Island State Police Troopers pulled him over to the side of the roadway. The Defendant produced a New Jersey driver's license, and informed the Troopers that he had visited his son at the University of Rhode Island and was on his way back to New Jersey.[1]

The Troopers[2] saw a blue duffel bag in the rear of the Defendant's car and – upon their claim – the Defendant 'consented' to let them search through it. *The Defendant categorically denies consenting to any search, including that of the bag and its content.* Inside the bag, the Officers discovered a large amount of United States currency -- $220,270 to be precise – contained in a number of 'vacuum sealed bags.' According to

[1] There was no evidence that the Defendant's license was anything but valid, nor that his story was anything but true.
[2] It is not known how many Troopers were present on the scene, or whether they were accompanied by members of other law enforcement agencies.

the Police, the Defendant disclaimed any knowledge of the money or, for that matter, how it came to have been placed in his vehicle. Despite the confrontation and interrogation, the Defendant was not afforded the Miranda[3] *caveats*.

With no undue delay, the Defendant was transported to one of the Rhode Island State Police Barracks. Curiously enough, Immigrations and Customs Enforcement ("ICE") Agent William Walker was present at the Barracks, along with the Resident Agent in charge, one David Ricchio. The two ICE Agents continued the interrogation of the Defendant, in response to which he made statements. The Defendant was ultimately released, yet on later dates he was further interrogated, and made further statements.

The Defendant seeks the suppression of the bag from his vehicle, the contents of the bag, the content of any and all statements he made to any law enforcement authority during and after the vehicle stop, and any evidence derivative to that described.

As his reasons therefor, the Defendant assigns that the original vehicle stop was made without probable cause, the Defendant's 'consent' to the search was unlawfully obtained and all the statements made by the Defendant were 'fruits of the poisonous tree' – mortally afflicted by reason of prior taint.

In making this Motion, the Defendant invokes his rights under the Fourth, Fifth and Sixth Amendments to the Constitution of the United States, all common, case and statutory law which may have application, and the principles of equity and fair play.

This Court is directed to the Memorandum in Support of this Motion filed herewith for further particulars and argument.

Because the Government has yet to disclose complete discovery of the names of all the law enforcement officers involved, as well as the conditions, times and content of

[3] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602 (1966).

any *post-factum* statements allegedly made by the Defendant, it is difficult for him to assess the length of the hearing necessary to resolve the issues raised herein. A reasonable estimate, however, would be on the order of two to three hours. Because the Government disclosures are not believed to be complete, the Defendant reserves the right to file further and supplementary pleadings in respect to this Motion and its ambit.

***HEARING ON THIS MOTION IS HEREBY REQUESTED***

.

Respectfully submitted,
CHARLIE VU, Defendant,
By his Counsel:

'/s/Walter H. Underhill, Esquire'____
WALTER H. UNDERHILL, ESQ.
66 Long Wharf, 4th Floor
Boston, Massachusetts 02110
Tel (617) 523-5858
Massachusetts BBO #506300

*/s/ William C. Dimtri*____
William C. Dimitri, Esq.
462 Broadway
Providence, RI 02909
401-273-9092
401-331-1898 fax

DATED: February 13, 2008

CERTIFICATION

I hereby certify that a true copy of the within motion was served upon via electronic filing, Mary Rogers, A.U.S.A. on this the 13th day of February 2008.

*/s/ William C. Dimitri*