UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 07-CR-136-ML |
| | ) | |
| CHARLIE VU | ) | |

**DEFENDANT'S REQUEST FOR PROPOSED *VOIR DIRE***
**QUESTIONS TO BE ASKED IN THE EXAMINATION OF THE *VENIRE***

The Defendant Charlie Vu, in the above-numbered Indictment, through Counsel, and pursuant to Local Rule Cr 24(c) of this Court, submits the attached proposed *voir dire* questions and asks that they be presented to the prospective Jurors before trial of this matter.

Respectfully submitted,
CHARLIE VU, Defendant,
By his Counsel:

*/s/ Walter H. Underhill, Esq.*
WALTER H. UNDERHILL, Esquire,
66 Long Wharf, 4th Floor
Boston, Massachusetts 02110
Tel (617) 523-5858
Massachusetts BBO #506300

*/s/ William C. Dimitri*
William C. Dimitri, Esq (3129)
462 Broadway
Providence, RI 02909
401-273-9092
401-331-1898(fax)

DATED: March 3, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 07-CR-136-ML |
| | ) | |
| CHARLIE VU | ) | |

**DEFENDANT VU'S PROPOSED QUESTIONS**
**FOR *VOIR DIRE* EXAMINATION OF THE *VENIRE***

1. Do you know, or are you related in any way to the Defendant, Charlie Vu?

2. Do you know, or are you related to. Mr. Vu's Attorney, Walter H. Underhill?

3. Do you know, or are you related to, the Government's Attorney, Mary Rogers?

4. I will read to you a list of the witnesses who are expected to testify in this matter. When I am finished, I ask you to respond if you know, or if any member of your family knows, any of the witnesses whose names you have heard.

5. Are you or any member of your family employed by or connected with any law enforcement agency, whether municipal, state or federal?

6. Are you, any of your family or any of your friends, related by blood or affinity to any law enforcement agent, whether municipal, state or federal?

7. Have you or any member of your family or any of your friends ever worked for any law enforcement agency, whether municipal, state or federal?

8. Do you, any member of your family or any of your friends know any law enforcement agent, whether, municipal, state of federal?

9. Are you or any member of your family employed by or connected with any prosecutor's office, whether municipal, state or federal?

10. Are you, any of your family or any of your friends, related by blood or affinity to any prosecutor or member of any prosecutor's staff, whether municipal, state or federal?

11. Have you or any member of your family or any of your friends ever worked for any prosecutor's office, whether municipal, state or federal?

12. Do you, any member of your family or any of your friends know any prosecutor or member of any prosecutor's staff, whether, municipal, state of federal?

13. Have you ever appeared as a witness in a criminal prosecution?

14. Have you ever served on a trial jury or a grand jury before? If so, please explain.

15. Was there anything about your previous jury experience that would lead you to feel that you may have any bias or prejudice either for the prosecution or the defense in general, or in this specific case? If so, please explain.

16. Is there anything about the nature of charges contained in the indictment that would prevent your considering this case fairly and impartially?

17. Have you, or a relative or close friend of yours, ever been the victim of a crime? If so, where and when, and what type of crime?

18. Was there a prosecution of the offense? If so, what was the result?

19. Have you learned anything about this case or Mr. Vu before today? If so, please explain.

19a. After learning about this case, did you form any opinion as to the case or as to the Defendant?

20. Regardless of whether you have any specific knowledge about this case or the Defendant, do you have any present opinion about this case or the Defendant?

21. Do you understand that the indictment in this case is merely a formal legal pleading, a piece of paper filed by the prosecution in order to start these proceedings, and has no legal effect as proof of anything at all?

22. Do you understand that the burden of proof is always on the prosecution, and that the Defendant need not present any evidence in his behalf?

23. Do you also understand that the Defendant need not testify in his own behalf?

24. Do you understand that if the Defendant does choose to testify, he is entitled to the same deference and consideration you would give to any other witness?

25. Do you recognize that in a criminal case it is necessary for the prosecution to prove the Defendant guilty beyond a reasonable doubt, and to a moral certainty, and if it does not do so that you are obliged to find the Defendant not guilty?

26. If the prosecution should fail to prove that the Defendant in this case is guilty beyond a reasonable doubt and to a moral certainty, will you vote for his acquittal?

27. If the court instructs you that any crime charged includes several elements, will you vote for acquittal of the Defendant unless you are satisfied that the proof establishes each and every one of the elements beyond a reasonable doubt and to a moral certainty?

28. Do you agree with our principle of law that a defendant in a criminal case should not be convicted unless the jury is convinced that he or she is guilty beyond a reasonable doubt and to a moral certainty?

29. Do you understand that *suspicion* of the Defendant's guilt, by itself, is insufficient to allow you to find him guilty?

30. Do you understand that if you believe the Defendant to be *probably* guilty of the crime charged that without more you must find him not guilty?

31. Do you understand that if the prosecution proves only that the Defendant *could have* committed the crime charged, without more, you must find him not guilty?

32. Do you understand that even if the prosecution is able to prove beyond a reasonable doubt all the elements of a crime charge *except one*, that you must find the Defendant not guilty?

33. Would you tend to give more weight to the testimony of a Government witness who was a law enforcement officer, as opposed to an ordinary witness, merely because of his or her status?

34. Do you have any feelings about the offense charged against Mr. Vu which are the result of either personal or family experiences, or the experience of friends or neighbors? If so, please explain.

35. Do you, or does any member of your family, have any feelings about commerce in illicit substances which would interfere with your ability to judge this case fairly? If so, please explain.

36. Do you, or does any member of your family, have any feelings about money laundering which would affect your ability to judge this case fairly? If so, please explain.

37. Have you been affected by any news coverage or other printed, video or audio matter concerning illicit drugs of money laundering which would affect you ability to judge this case fairly? If so, please explain.

38. Would any such feelings make it difficult for you to judge Mr. Vu fairly upon both the facts and the law according to my instructions?

39. Do you understand and agree that you must listen to, and follow my instructions on the law in this case, and on how the law is to be applied?

40. Do you understand and agree that if by following my instructions on the law it means that you must ignore your own instincts and suspicions, that you must do so?

41. Do you understand and agree that at the end of this case, even if you believe in your heart that Mr. Vu is guilty you must find him not guilty if the facts proved to you are not sufficient, beyond a reasonable doubt, to support your belief?

42. Would your natural sympathies for the Government interfere in any way with your ability to judge Mr. Vu fairly in this case?

43. Do you have any feelings about people of Asian origin which are different from those concerning your native American citizens? If so, please explain.

44. Do you have any feelings concerning Mr. Vu's national or ethnic origins which would interfere with your ability to judge him fairly? If so, please explain.

45. Do you believe that simply because a person in charged with a crime. He or she would be less likely to tell the truth than a person not charged with a crime?

46. Do you believe that Mr. Vu must have done something wrong or the Government would not have charged him?

47. Do you believe that law enforcement in general is morally superior to the persons it investigates?

48. Mr. Vu has been charged with the crime known colloquially as 'money laundering.' That is, the Government has charged him with possession of money derived from unlawful activity with the intent to conduct some form of transaction with that money. Knowledge that the money was derived from unlawful activity is an element of the crime. In order to convict Mr. Vu on this Indictment, the Government has to prove beyond a reasonable doubt that he *knew* the money had been derived from an unlawful source. In the absence of proof beyond a reasonable doubt, you cannot assume that simply because he had possession of the money that he also had the necessary knowledge that it came from an unlawful source. It is not a crime, in and of it self, to possess quantities of cash, no matter how large they may be.

Respectfully submitted,
CHARLIE VU, Defendant,
By his Counsel:

*/s/ Walter H. Underhill, Esq.*
WALTER H. UNDERHILL, Esquire,
66 Long Wharf, 4th Floor
Boston, Massachusetts 02110
Tel (617) 523-5858
Massachusetts BBO #506300

*/s/ William C. Dimitri*
William C. Dimitri, Esq (3129)
462 Broadway
Providence, RI 02909
401-273-9092
401-331-1898(fax)

DATED: March 3, 2008

CERTIFICATION

I, the undersigned do hereby certify that a true copy of these proposed voir dire questions was served upon Mary Rogers, A.U.S.A. on the 3rd day of March, 2008 via electronic filing.

*/s/ William C. Dimitri*