IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 07-136ML |
| | ) | |
| CHARLIE VU | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Mary Rogers, Assistant United States Attorney, and files the attached Sentencing Memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 15th day of August, 2008, I caused the Government's Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Walter H. Underhill, Esq.
66 Long wharf, 4th Floor
Boston, MA 02110

William C. Dimitri, Esq.
462 Broadway
Providence, RI 02909

/s/ MARY ROGERS

MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 07-136ML |
| | ) | |
| CHARLIE VU | ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

The Defendant has filed a Sentencing Memorandum, in which he seeks a downward departure or downward variance in sentencing, requesting that the Court impose a sentence "sufficient, but not greater than necessary" pursuant to 18 U.S.C. §3553(a). The request seeks a sentence that is outside the sentencing guideline range provided under the United Sentencing Guidelines (U.S.S.G.). The government submits this memorandum in support of its objection. The Defendant's history provides no legitimate basis for a sentence below the guidelines.

I. FACTS

The government's prosecution version is set forth in full in paragraph 9, pages 2 - 3, of the Pre Sentence report (PSR).

II. ARGUMENT

As this Court is well aware, the Court has wide ranging discretion in sentencing Defendants who appear before the Court. Rita v. United States, 127 S.Ct. 2456 (2007); Kimbrough v. United States, 128 S.Ct. 558 (2007); United States v. Booker, 543 U.S. 220 (2205). However, the Defendant has failed to set forth any meritorious grounds for leniency. To the contrary, the Defendant's actions show that he falls squarely within the sentencing guideline

range.

A. Defendant's Post Seizure Conduct.

The Defendant claims in his sentencing memorandum ("DSM") that upon being stopped by the police he was "straightforward, demonstrating no attempt at guile or evasion." (DSM, page 2). This is belied not only by the government's prosecution version, but by the testimony this Court heard during the Defendant's Motion to Suppress. The Defendant's first reaction upon being stopped was to lie. "*Mr. Vu told the State police that he had just visited his son at the University of Rhode Island and that he was driving back to New Jersey . . . Mr. Vu claimed that he had no knowledge of the blue duffel bag or cash inside and was unaware of how they came to be located in his vehicle.*" (PSR paragraph 9). The Defendant was not aware that he had been followed from New Jersey to Rhode Island and that they knew he had not visited anyone at the University of Rhode Island. While it may be understandable that the Defendant's first reaction was to try to lie in an attempt to avoid arrest and discovery by the police, the Defendant's demonstrably false claim that he was "honest and straightforward" from the get go, directly undermines his appeal to this Court that he receive favorable consideration based upon his character. He was not honest and straightforward when he was stopped and he is not being honest and straightforward in his sentencing memorandum.

The Defendant compounds this transgression by repeating his claim, asking that uncorroborated details in the PSR be believed by the Court because of his "cooperation and honesty with ICE and the Rhode Island State Police immediately following his arrest." (DSM, page 4). The Defendant told one version to the State Police and a different version to Immigration and Customs Enforcement (ICE), with that version also palpably failing to be

straightforward and honest. "He *stated that* he lived in New Jersey and that *he had been approached earlier the same day by an unidentified white male in Jersey City and instructed to drive to Rhode Island to meet "a guy." The unidentified male provided Mr. Vu with a phone number to call when he arrived in Rhode Island. Mr. Vu was told to be in Rhode Island by noon. Mr. Vu went to Rhode Island where he called the number. An Asian male instructed Mr. Vu to drive to a shopping center. Mr. Vu introduced himself to the Asian male at the parking lot. Mr. Vu claimed that the Asian male took Mr. Vu's Pathfinder, left the area, and returned 35 minutes later. Mr. Vu said that he had made one previous trip to Massachusetts under similar circumstances. On that occasion another Asian male took Mr. Vu's vehicle. Mr. Vu could not recall a description of the male nor his phone number, nor the exact location for the meeting. He admitted that he was to be paid approximately $1,000 for the trip and that because it was "easy money" that he knew that there was probably something illegal about what he was doing. He figured that the Asian male had probably put either drugs or money in Mr. Vu's Pathfinder for transport back to New Jersey."* (PSR, paragraph 9).

The Defendant claims that he was approached by an unknown white male, that the Defendant agreed to transport what he believed would be either drugs or money for payment in the amount of $1,000, and that he only laundered money on two occasions. Mr. Vu's claim that he was straightforward is disingenuous. The surveillance showed that Mr. Vu did not give his vehicle to the unknown Asian male in Rhode Island. Rather, Mr. Vu went inside a restaurant with the Asian male for 35 minutes and when the two came out, Mr. Vu was given the duffle bag containing the money. Mr. Vu clearly attempted to give as few details as possible to law enforcement, and provided false details where he did not know that law enforcement had

witnessed what actually took place. Mr. Vu claimed that he had only done this one time before, again giving an extremely vague description which would make it nearly impossible for law enforcement to investigate further. Based upon his other falsehoods, this claim of laundering money only twice is likely untrue as well. Common sense dictates that strangers are unlikely to allow an untested, unproven individual to transport over $200,000 in cash. There was no lock on the bag; nothing to prevent such an untried individual from opening it out of curiosity and absconding with the contents. The fact that Mr. Vu dined with this individual for 35 minutes also belies his claim that he did not know the man. Mr. Vu is, in essence, standing before this Court seeking a variance, yet he does so with unclean hands.

B. Defendant's Pre-Trial Release Conduct.

Mr. Vu next claims that he should be believed because he "honored - without incident - the conditions of his liberty pending sentencing" (DSM, page 4). Yet Mr. Vu admitted to probation, again only after drug testing positive for cocaine, that he had tried cocaine in November of 2007, because he was nervous and depressed. The Defendant was arrested based upon the indictment on October 25, 2007. When the Defendant was released on bail, one of the conditions was that the defendant refrain from "any use or possession of a narcotic drug and any other controlled substance unless prescribed by a physician." PSR paragraph 2. The Defendant had no ties to the District of Rhode Island, and Magistrate Judge David L. Martin carefully spelled out to the Defendant the terms of his release. The fact that the Defendant flaunted the Court's order is yet another comment on his character.

C. Defendant's Employment.

The Defendant goes on to point out that he was "regularly and honestly employed during

his twenty-year tenure in this country." (DSM, page 5). Thus, the Defendant's transporting drug money for $1,000 was not necessary. The Defendant has not demonstrated the he needed the money for some life threatening or life altering reason. Just simple human greed; it was "easy money." This is hardly the basis for leniency from the Court.

D. Defendant's Claim of Aberrant Behavior.

The Defendant asks this Court to grant leniency based upon aberrant behavior. Even if the Defendant's claim, that he had only laundered money twice, is believed, the Defendant himself points out that U.S.S.G. §5K2.20 requires that the Defendant's conduct not involve "a serious drug offense." The Defendant admitted that *"that he was to be paid approximately $1,000 for the trip and that because it was "easy money" that he knew that there was probably something illegal about what he was doing. He figured that the Asian male had probably put either drugs or money in Mr. Vu's Pathfinder for transport back to New Jersey.*" (PSR, paragraph 9). By the Defendant's own admission, he took custody of a duffle bag which he believed contained either money or drugs. The size of the bag was clearly capable of holding a sizeable quantity of drugs. Thus, the Defendant is not entitled to leniency under this section of the guidelines. The guidelines go on to state, "REQUIREMENTS. - The court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction . .." U.S.S.G. §2K2.20(b). Again, the Defendant has admitted to doing this on more than one occasion and thus does not qualify.

E. Totatlity of the Circumstances.

The Defendant next asks the Court to consider the "totality of the circumstances." (DSM, page 13). The Defendant points out factors such as pecuniary gain to the Defendant. The

Defendant admitted that he would be paid $1,000. That is a considerable sum of money for driving from New Jersey, to Rhode Island, and back again. Because he was caught he was not paid, is certainly not grounds for leniency.

The Defendant asks the Court to consider the "spontaneity and thoughtlessness"of the crime. This factor also weighs against the Defendant. (DSM, page 13). The Defendant was in possession of a cell phone, which had only one telephone number in its call history; that of the individual delivering the money. Despite the Defendant's claims to the contrary, this shows careful, detailed planning. The Defendant was driving to another State with which he was unfamiliar, he drove off of the main highway for a considerable distance on back roads, the cell phone was used solely for the purpose of contacting the individual responsible for delivering the cash to the Defendant, the Defendant had that contact number, and the Defendant had a false story ready immediately upon being stopped. The fact that the Defendant claimed to have a son attending the University of Rhode Island, reveals that he pre planned an excuse should he encounter law enforcement. Finally, the Defendant admitted that he had laundered money on a previous occasion; this was not a one time event.

E. Lack of Knowledge.

The Defendant next tries the "ostrich with its head in the sand" argument. The Defendant seeks leniency because he claims he did not know how much money was in the bag. The Defendant admitted that he believed the bag contained either money or drugs. The duffle bag was certainly large enough to contain multi kilogram quantities of drugs; it contained 5 packages of money totaling over $220,000 in cash. In essence, the Defendant was willing to transport illegal drugs or money, and it did not matter to him how much of either he was transporting.

This is evidence of callousness or recklessness. It certainly is not evidence deserving of leniency. His claim that "he never placed any drugs into the community" (DSM page 15) borders on offensive. He knew that he was facilitating drug distribution. Presumably he also knows the devastation drugs wreak in our society. He is not entitled to a lesser sentence because he did not personally touch the drugs; neither do the leaders of the drug cartels, they hire others to do so.

F. Defendant's Role.

The Defendant's argument that the Defendant must somehow be low in the drug organization's hierarchy is also without merit. The Defendant is charged with money laundering. He should be compared to other individuals charged with money laundering. The Defendant is not facing a sentence under the drug statutes which carry substantially lengthy sentences. The Defendant's memorandum attempts to compare this case with that of United States v. Isler, 429 F.3d 19 (1st5 Cir. 2005). As this Court was the sentencing Court in that case, the Court is also well aware that those Defendants faced lengthy, mandatory minimum sentences based upon the harsher crack cocaine guidelines and applicable statute. Mr. Vu should not be viewed next to a wholesale drug distributor or even a street level distributor. The Defendant has admitted to laundering drug money. The money laundering statute and the applicable guidelines apply to all type of money laundering. This includes gambling proceeds, which many argue is less egregious than drug trafficking. Thus, arguably the Defendant is not even deserving of a sentence in the low range of the guidelines, since he knew he was facilitating drug trafficking and he deliberately chose not to know the magnitude of his assistance, be it drugs or money.

## III. CONCLUSION

For all of the foregoing reasons, a sentence within the guideline range of 57 to 71 months, is a just and reasonable sentence.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 8th day of August, 2008, I caused the Government's Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Walter H. Underhill, Esq.
66 Long wharf, 4th Floor
Boston, MA 02110

William C. Dimitri, Esq.
462 Broadway
Providence, RI 02909

/s/ MARY ROGERS

MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov