UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 07-CR-136-ML |
| | ) | |
| CHARLIE VU | ) | |

**DEFENDANT'S MOTION TO WITHDRAW HIS PLEA**

Charlie Vu ("the Defendant"), in the above-numbered Indictment and through Counsel, hereby moves to withdraw his plea of guilty to the Indictment, made on April 30, 2008. As his reasons for this Motion, the Defendant states as follows:

**Facts.**

The facts underlying the Defendant's offense conduct are before the Court already, contained in the Presentence Investigation Report. They were also described at the Defendant's change of plea. Briefly, the Defendant, while under surveillance, drove to Rhode Island where he met a second man. The two of them placed a duffel bag into the Defendant's car. The Defendant was to transport the bag to New Jersey, his point of origin. As the Court knows, the bag found in the Defendant's motor vehicle by investigators contained $220, 270 in currency. The Government has stated that if it were called to prove the charges in the Indictment, it would offer expert testimony to the effect that the money found in the duffel bag was 'drug proceeds.' There is evidence that the Defendant at least 'suspected' that the money was drug-related. He also made the statement that he had made a similar trip on a prior occasion.

As the result of the Defendant's actions, he was charged in a single-count Indictment accusing him of a violation of 18 U.S.C. 1956(a)(1)(A)(i). This Court

accepted the Defendant's plea of guilty to the Indictment on April 30, 2008. Sentencing has been set for August 19, 2008.

**Argument.**

After the Defendant's change of plea, the Supreme Court handed down United States v. Santos, --- U.S. ---, 128 S.Ct. 2020 (2008) on June 2, 2008. While 18 U.S.C. §1956(a)(1)(A)(i) penalizes a person for engaging in a financial transaction involving the 'proceeds' of unlawful activity "with the intent to promote the carrying on of specified unlawful activity." The Santos Court subjected these particular provisions to rigorous scrutiny, in particular with respect to a defendant's knowledge that the property involved in the charged transaction represented the proceeds of some form of unlawful activity. The Court found that the term 'proceeds,' as used in the Statute, was ambiguous.

> The federal money-laundering statute does not define 'proceeds.' When a term is undefined, we give it its ordinary meaning. *Asgrow Seed Co., v. Winterboer*, 513 U.S. 179, 197, 115 S.C t. 788 (1995). 'Proceeds' can mean either 'receipts' or 'profits.' Both meanings are accepted, and have long been accepted, in ordinary usage. * * *
>
> 'Proceeds,' [however], has not acquired a common meaning in the provisions of the Federal Criminal Code. Most leave the term undefined. * * * recognizing the word's inherent ambiguity, Congress has defined 'proceeds' in various criminal provisions, but sometimes has defined it to mean 'receipts' and sometimes 'profits.' Compare 18 U.S.C. § 2339C(e)(3) (2000 ed., Supp. V) (receipts), § 981(a)(2)(A) (2000 ed.) (same), with § 981(a)(2)(B) (profits).
>
> Since context gives meaning, we cannot say the money-laundering statute is truly ambiguous until we consider 'proceeds' not in isolation but as it is used in the federal money-laundering statute [citation omitted]. The word appears repeatedly throughout the statute, but all of those appearances leave the ambiguity intact. Section 1956(A)(1) itself, for instance, makes sense under *either definition*: one can engage in a financial transaction with either receipts or profits of a crime; one can intend to promote the

> carrying on of a crime with either its receipts or its profits; and one can try to conceal the nature, location, etc., of either receipts or profits. The same is true of all the other provisions of this legislation in which the term 'proceeds' is used. They make sense under either definition. See, for example, § 1956(A)(2)(b), which speaks of 'proceeds' represented by a 'monetary instrument or funds.'

At 128 S.Ct. 2024, emphasis supplied. The Court went on to say that "to establish the proceeds element under the 'profits' interpretation, the prosecution needs to show only that a single instance of specified unlawful activity was profitable and gave rise to the money involved in a charged transaction." At 128 S.Ct. 2029. In light of the statutory ambiguity of the word 'proceeds,' the Court invoked the rule of lenity:

> The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them. This venerable rule not only vindicates the fundamental principle that no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed. It also places the weight of inertia upon the party that can best induce Congress to speak more clearly and keeps courts from making criminal law in Congress's stead. Because the "profits" definition of "proceeds" is always more defendant-friendly than the "receipts" definition, the rule of lenity dictates that it should be adopted.

At 128 S.Ct. 2025, citations omitted.

At the time of the present Defendant's change of plea, this statutory construction was non-existent. Therefore neither the Government nor the Defendant could have known that the Supreme Court would have placed such heavy emphasis on the *mens rea* requirement of §1956(a)(1)(A)(i). The Defendant entered his plea without such knowledge, and –under <u>Santos</u> – it was not clear at the time of the plea that the subject money was in *fact* 'proceeds' as opposed to 'receipts.' Nor was it at all clear that the Defendant, although he admitted his conduct was criminal, specifically knew that the

currency in the bag was 'proceeds' of an unlawful activity. Also, it is not at all clear, under Santos, that the proofs would have sustained the allegation in the Indictment.

A plea of guilty is constitutionally valid only to the extent it is "voluntary" and "intelligent." Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463 (1970). Under the circumstances of this case, that cannot be said of the Defendant's plea in light of Santos.

Finally, the Defendant does not here invoke the doctrine of retroactivity because his case has not become 'final.' He is entitled to the benefit of the Santos decision, in this case because the Supreme Court has decided the meaning of a statute.[1] The Court did so after the plea, to be sure, but prior to that point in his case where the Defendant would have had to resort to *Habeas Corpus* relief under 28 U.S.C. §2255. Had the Defendant reached that stage, Santos would in all likelihood have been inapplicable.

Therefore, the Defendant asks this Court for leave to withdraw his guilty plea.

Respectfully submitted,

CHARLIE VU, Defendant,
By his Counsel:

'/s/ William C. Dimitri, Esquire'
WILLIAM C. DIMITRI, Esquire
462 Broadway
Providence, Rhode Island 02909
Telephone: (401) 273-9092
Facsimile: (401) 331-1898

'/s/Walter H. Underhill, Esquire'
WALTER H. UNDERHILL, Esquire
66 Long Wharf, 4th Floor
Boston, Massachusetts 02110
Telephone: (617) 523-5858
Facsimile: (617) 523-7834
Massachusetts BBO #506300; and

\

[1] See, for example, Bousley v. United States, 523 U.S. 614, 118 S.C t. 1604 (1998).

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

SIGNED: ‘/s/Walter H. Underhill, Esquire’
WALTER H. UNDERHILL, ESQ.

DATE: August 19, 2008

DATED: August 19, 2008