UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
v. ) NO. 07-CR-136-ML
)
CHARLIE VU

ADDENDUM TO DEFENDANT'S SENTENCING MEMORANDUM AND OBJECTION TO GUIDELINES CALCULUS IN LIGHT OF UNITED STATES v. SANTOS, 128 S.Ct. 2020 (2008)

## I. OBJECTION TO SENTENCING GUIDELINE CALCULUS

The defendant files this addendum to his sentencing memorandum and formally objects to that portion of the July 11, 2008 Presentence Investigation Report – Paragraph 17 – which increases his offense level by six points under the Special Offense Characteristics of U.S.S.G. §2S1.1(b)(1). In order for this escalation to apply, it must be demonstrated that the Defendant knew the subject money was the proceeds of, or was intended to promote a drug offense.

The Defendant offered a change of plea to the present Indictment, charging him with a single count in violation of 18 U.S.C. §1956(a)(1)(A)(i), on April 30, 2008. Just yesterday, August 18, 2008, defense counsel became aware of the opinion in United States v. Santos, 128 S.Ct. 2020 (2008), decided June 2, 2008. The Santos Court found the word 'proceeds,' as used in §(a)(1)(A)(i), to be ambiguous. The Court clarified the meaning of the Statute by ruling that proceeds as stated in 18 U.S.C. §1956(a)(1)(A)(i) meant "profits" and not "receipts". In doing so, the Court employed the 'rule of lenity' and resolved the statutory ambiguity in favor of the defendants. It is my opinion that the

Santos may affect the calculus of the six point escalation in Mr. Vu's case, that is, if the Government cannot prove that the money found in the bag found in Mr. Vu's vehicle was in fact 'proceeds" as defined in Santos and that the Guidelines calculation should be reduced by six levels. Further, it is my position that since Santos requires a more particular standard of proof, that the Government is obligated to demonstrate that Mr. Vu had specific, not vague, knowledge of that fact.

This objection, however, should not be taken to mean that Mr. Vu is suddenly denying the commission of an offense. He continues to accept responsibility for his conduct. The sole objective of this addendum is to state that the application of six points to Mr. Vu's Guidelines calculus is, in light of Santos, in error.

II. DIPLOMAS – CHARACTER LETTERS - CERTIFICATES

The defendant hereby submits character letters, diplomas and certificates of the defendant in support of his sentencing positions in this matter.

Respectfully submitted,

CHARLIE VU, Defendant,
By his Counsel:

'/s/Walter H. Underhill, Esquire'

WALTER H. UNDERHILL, Esquire
66 Long Wharf, 4th Floor
Boston, Massachusetts 02110
Telephone: (617) 523-5858
Facsimile: (617) 523-7834
Massachusetts BBO #506300; and

‘/s/ William C. Dimitri, Esquire
WILLIAM C. DIMITRI, Esquire
462 Broadway
Providence, Rhode Island 02909
Telephone: (401) 273-9092
Facsimile: (401) 331-1898
Rhode Island Bar # 3129

DATED: August 19, 2008